UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY THOMAS,

        Plaintiff,

    v.

SATOMI, a California Corporation,

        Defendant.

Case No. 2:24-cv-01495-CSK

ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(ECF No. 16)

Pending before the Court is Plaintiff Anthony Thomas' motion for default judgment against Defendant Satomi pursuant to Federal Rules of Civil Procedure 55(b)(2).[1] (ECF No. 16). This motion was re-noticed for a hearing for October 7, 2025 before the undersigned. (ECF No. 18.) Defendant Satomi, a California Corporation, did not file a response to the motion, nor has it appeared in this case in any way. *See* Docket.[2] On September 22, 2025, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(g). 9/22/2025 Order (ECF No. 19). For the reasons stated below, the Court recommends Plaintiff's motion for default judgment be GRANTED, and

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).

[2]  Defendant Phung T. Dukinhtroung was voluntarily dismissed with prejudice on July 14, 2025 by Plaintiff. 7/14/2025 Order (ECF No. 14).

1

that judgment be entered in favor of Plaintiff.

I.      BACKGROUND

    A.      Facts

    The Complaint alleges Plaintiff is a physically disabled person who is a paraplegic due to a severe spinal cord injury suffered in a shooting incident over fourteen years ago that led Plaintiff unable to independently stand or walk and now requires the use of a wheelchair for mobility. Compl. ¶ 5 (ECF No. 1). Defendant Satomi owns and operates a restaurant business known as Satomi, located at 819 W. 11th Steet, Tracy, California 95376 ("the Property"). *Id*. ¶¶ 6, 7. Plaintiff alleges that the Property, walkways and adjacent parking facilities, are each a public accommodation and business establishment open to the public. *Id*. ¶¶ 7, 12.

    On November 6, 2023, February 9, 2024, and March 29, 2024, Plaintiff visited the Property to purchase food. Compl. ¶ 9. Plaintiff alleges on each of these occasions, Defendant failed to provide wheelchair accessible handicap parking. *Id*. ¶ 13. Plaintiff also alleges he encountered numerous accessibility problems, including failure to provide wheelchair accessible paths of travel, handicap directional signs, handicap seating, an accessible entry door to the Property, and a transaction counter at proper height for use by people in wheelchairs. *Id*. ¶¶ 15-22. Plaintiff alleges he personally encountered these architectural barriers each time he attempted to visit the Property. *Id*. ¶ 25. Plaintiff further alleges he was denied full and equal access to the Property which caused him difficulty, discomfort, and embarrassment. *Id*. ¶ 26. Plaintiff, who lives in the area, plans to return and patronize the Property once the barriers are removed. *Id*. ¶ 27.

    B.      Procedural Background

    On May 25, 2025, Plaintiff initiated this action alleging the following three causes of action: (1) violation of the California Health & Safety Code §§ 19955, *et seq.*; (2) violation of the Unruh Civil Rights Act ("Unruh Act"), pursuant Cal. Civ. Code §§ 51, 52; and (3) violation of the Americans with Disabilities Act of 1990 ("ADA") pursuant to 42 U.S.C. §§ 1201, et seq. Compl. ¶¶ 35-64. On October 18, 2024, Plaintiff filed proofs

of service of summons and complaint on Defendants. (ECF Nos. 5, 6.) On November 1, 2024, Plaintiff filed a request for entry of default against Defendants after Defendants failed to appear. (ECF Nos. 7, 8.) On November 18, 2024, the Clerk of the Court entered default as to Defendant Satomi and declined to enter default as to Defendant Dukinhtroung for improper service. (ECF Nos. 9, 10.) After no action had been taken by Plaintiff, on July 1, 2025, the Court directed Plaintiff to file a status report as to why this case should not be dismissed against Defendant Dukinhtroung for failure to timely serve, and why Plaintiff had not moved for default judgment against Defendant Satomi. 7/1/2025 Order (ECF No. 11). On July 11, 2025, Plaintiff filed a notice of voluntary dismissal as to Defendant Dukinhtroung and a status report informing the Court he intended to file a request for entry of default judgment against Defendant Satomi only. (ECF Nos. 12, 13.) Defendant Dukinhtroung was dismissed from this action with prejudice on July 14, 2025. 7/14/2025 Order.

On August 15, 2025, Plaintiff moved for default judgment against Defendant Satomi. (ECF No. 16). On the same day, the Court informed Plaintiff his motion was deficient and must be re-noticed in compliance with Local Rule 230(b). 8/15/2025 Order (ECF No. 17). On August 30, 2025, Plaintiff re-noticed the motion to be heard before the undersigned for October 7, 2025 and served Defendant with his motion on the same day. (ECF No. 18.) After Defendant failed to respond to the motion for default judgment, on September 22, 2025, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant by October 6, 2025; and directing Plaintiff to serve Defendant with a copy of the order. 9/22/2025 Order. On October 7, 2025, Plaintiff filed a proof of service indicating that Defendant was served on September 26, 2025 with a copy of the September 22, 2025 Order. (ECF No. 20.) Defendant did not respond. *See* Docket.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise

3

defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;

2. the merits of the substantive claim(s);

3. the sufficiency of the complaint;

4. the amount of money at stake in the lawsuit;

5. whether there are any disputes of material fact;

6. whether the defendant's default was due to excusable neglect; and

7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove

4

damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

Plaintiff moves for default judgment against Defendant Satomi on his claims for violations under the Unruh Act (Second Cause of Action) and the ADA (Third Cause of Action) only. *See generally* Pl. Mot. (ECF No. 16-1). Plaintiff seeks declaratory and injunctive relief, statutory damages, attorneys' fees, and costs. *Id*. at 7.

### A.   Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction for claims brought pursuant to the ADA. 28 U.S.C. § 1331. In addition, the Court has personal jurisdiction over Defendant, who is a California corporation. *See AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business") (citations omitted).

The Court also finds service was proper under Federal Rules of Civil Procedure 4(h)(1)(B). Under California law, a corporation may be served by delivering a summons and complaint to certain individuals, including the person designated as agent for service of process. Cal. Civ. Proc. § 416.10(a)-(b). Here, Defendant's designated agent for service of process was personally served on June 14, 2024. (ECF No. 5.)

### B.   *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendant.

#### 1.   Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of

granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendant on November 18, 2024 (ECF No. 9), and Defendant has not participated in the litigation despite being served with the Complaint, default judgment motion, and the Court's September 22, 2025 Order. *See* Docket. Plaintiff would suffer prejudice if the Court did not enter a default judgment. Accordingly, the first *Eitel* factor favors the entry of default judgment.

>          2.          Factors Two and Three: The Merits of the Claim and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claim and the sufficiency of the Complaint favor entry of default judgment.

Plaintiff moves for default judgment as to his claims for violations under the Unruh Act (Second Cause of Action) and the ADA (Third Cause of Action) only. *See generally* Pl. Mot. (ECF No. 16-1). Because Plaintiff did not move for default judgment as to his claim for violation of the California Health and Safety Code (First Cause of Action), the Court does not address this claim below. *Id.*

>          a.          *Violation of the ADA*

"Title III of the ADA prohibits discrimination in public accommodations[.]" *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers […] in existing facilities […]

6

where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Plaintiff alleges he is a paraplegic, who is unable to stand or walk, and requires the use of a wheelchair for mobility, and is therefore physically disabled as defined by applicable California and federal laws. Compl. ¶ 5. As a restaurant, the Property is a facility open to the public, a place of public accommodation, and business establishment. *Id*. ¶ 12. Plaintiff alleges Defendant owns, operates, or leases the Property. *Id*. ¶ 7. Plaintiff further alleges that he visited the Property on November 6, 2023, February 9, 2024, and March 29, 2024 and that he encountered multiple accessibility problems in the following ways: (1) no wheelchair accessible handicap parking; (2) improper wheelchair accessible paths of travel where the concrete leading up to the Property is cracked, sloped, and uneven and creates hazards for persons in wheelchairs; (3) no handicap directional signs; (4) no handicap seating; (5) entry door to the Property was not wide enough and was heavy taking 20 pounds of pressure to attempt to open it; and (6) the transaction counter at the Property was more than 36 inches in height and blocked by inventory items making it inaccessible for persons in wheelchairs. *Id*. ¶¶ 13-22. Plaintiff alleges that the removal of these architectural barriers is readily achievable and that there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal is not achievable. *Id*. ¶ 29. Taken as true, the Court finds the allegations of the Complaint are sufficient and state a meritorious ADA claim.

<em>b.    Violation of the Unruh Act</em>

Under California's Unruh Act, "all persons […] are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act incorporates "the right of any individual under the [ADA,]" such that a violation of the ADA also constitutes a violation of the Unruh Act. *See* Cal. Civ. Code § 51(f). The Complaint alleges Defendant has discriminated against Plaintiff in violation of the Unruh Act. Compl. ¶¶ 49-54. Because Plaintiff has shown that Defendant is in violation of the

7

ADA, he has shown that Defendant is in violation of the Unruh Act. *See Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act.") Accordingly, Plaintiff has sufficiently pled a meritorious Unruh Act claim.

The Court therefore finds the second and third *Eitel* factors favor the entry of default judgment.

            3.      Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. The sum of money at stake here is significant, though not unreasonable as it is directly connected to Defendant's conduct. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

            4.      Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting his claims. *See generally* Compl. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

            5.      Factor Six: Whether Default was Due to Excusable Neglect

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendant with the summons and the Complaint. (ECF No. 5.) Plaintiff also

served Defendant with its motion for default judgment and with the Court's September 22, 2025 Order. (ECF Nos. 18, 20.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant has failed to participate in this action or to defend itself. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

      6.    Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

      7.    Conclusion

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant. The Court next determines the terms of judgment.

**C.    Terms of Judgment**

Plaintiff requests statutory damages in the amount of $8,000, attorneys' fees in the amount of $3,412.50, costs and litigation expenses in the amount of $405, and injunctive relief. Pl. Mot. at 7. The Court addresses each in turn.

      1.    Statutory Damages

The Unruh Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts he has established a violation under the ADA and therefore has established a violation under the Unruh Act and is therefore entitled to $8,000 in statutory damages for the three times he visited the Property on November 6, 2023, February 9, 2024, and March 29, 2024. Pl. Mot. at 4-5. Plaintiff also

states he is not requesting damages for the three times he visited the Property but rather just for two attempts. *Id.* at 7 n.1.

"Although [California Civil] Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages." *See Johnson v. Prithviraj, LLC*, 2019 WL 718117, at *5 (E.D. Cal. Feb. 20, 2019), adopted in full by 4/16/2019 Order, No. 2:15-cv-0257-JAM-CKD (ECF No. 14). In this case, Plaintiff made no showing as to why he returned to the Property after his initial visit. *See* Compl. Like the *Johnson* case, Plaintiff did not allege that he returned after having received good faith assurances from Defendant or its agents that the architectural barriers were removed. In light of this deficiency, the Court recommends that plaintiff only be awarded minimum statutory damages corresponding to one visit, i.e., $4,000.

### 2.    Attorneys' Fees

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district

10

court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks $3,412.50 in attorneys' fees. Pl. Mot. at 6. Specifically, Plaintiff requests $2,325 for attorney Beilal Chatila, for 7.75 hours of legal services at an hourly rate of $300; and $1,087.50 for paralegal Larry Menton, for 7.25 hours of legal services at an hourly rate of $150. 8/13/2025 Declaration of Beilal Chatila ¶¶ 7-8 (ECF No. 16-2); 8/13/2025 Declaration of Larry Menton ¶ 5 (ECF No. 16-3).

Plaintiff provides billing records for attorney Chatila from May 8, 2024 to August 4, 2025 for initial review of the allegations, reviewing and drafting the Complaint, preparing documents regarding the notice of default, and reviewing and editing the motion for default judgment. Chatila Decl., Exh. A. The Court finds that 7.75 hours is a reasonable amount of time for the work completed. Because Mr. Chatila has been practicing law for 12 years, the Court also finds the hourly rate of $300 for an attorney with 12 years of experience is reasonable in Sacramento and recommends granting counsel's requested $300 hourly rate. *See* Chatila Decl. ¶ 4. The Court notes that the requested hourly rate is a lower rate than the rate for attorneys with similar years of legal experience in the relevant community. *See, e.g., Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners).

Plaintiff also provides billing records for Mr. Menton from May 8, 2024 to August 1, 2025 for initial review of the allegations, visiting the Property to assess ADA non-compliance, drafting, filing and serving the Complaint, and preparing related declarations for the motion for default judgment. Menton Decl., Exh. A. The Court finds that 7.25 hours are not entirely reasonable and that certain time expended is duplicative of the work done by attorney Chatila (i.e., billing for meeting with client regarding allegations (0.75) and conference with Mr. Chatila regarding site visit and case strategy (0.75)) and should therefore be reduced by 1.50 hours. Further, the Court finds that the following

clerical tasks are not recoverable: filing Complaint and related documents (0.5); service of summons and Complaint (1.25); and preparing proofs of service (0.5)). *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Therefore, Plaintiff's requested hours for Mr. Menton should be further reduced by 2.25 hours for these clerical tasks. *See id.* The Court therefore finds that 3.5 hours for Mr. Menton are reasonable. The Court further finds Plaintiff's requested rate of $150 is reasonable for Mr. Menton, who has 40 years of experience. Menton Decl. ¶ 3; *see also Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, 2021 WL 4033176, at *4 (E.D. Cal. Sept. 3, 2021) (finding that hourly rate of $150 for a paralegal with over 30 years of experience is reasonable).

Accordingly, the Court recommends that Plaintiff be granted $2,850 for attorneys' fees ($2,325 for Mr. Chatila and $525 for Mr. Menton).

### 3. Costs and Litigation Expenses

Plaintiff seeks $405 in costs and litigation expenses for the filing fee of the Complaint. Chatila Decl. ¶¶ 7-8. Costs for filing fees are properly recoverable by Plaintiff. *See* 42 U.S.C. § 12205. Accordingly, the Court finds Plaintiff's request of $405 in costs and litigation expenses is compensable and should be awarded.

### 4. Injunctive Relief

Plaintiff's Complaint seeks an injunction requiring Defendant to make changes to the Property in a manner that makes the Property readily accessible to and usable by individuals with disabilities. Compl. ¶ 64. As the factual allegations in the Complaint are taken as true, Plaintiff is entitled to some injunctive relief.[3] *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—

---

[3]  The Court notes that the proposed judgment submitted by Plaintiff improperly included requests for injunctive relief that were not pled in the Complaint. Pl. Proposed Default Judgt (referring to restroom issues not pled in the Complaint) (ECF No. 16-4 at 2). The Court interprets this as an error rather than an attempt to seek injunctive relief for issues not raised in his Complaint.

only injunctive relief is available for violations of Title III.").

## IV.   CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

It is further HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 16) be GRANTED;

2. Defendant be found and declared to be in violation of Title III of the Americans with Disabilities Act;

3. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000;

4. Plaintiff be awarded reasonable attorneys' fees in the amount of $2,325 for Mr. Chatila and $525 for Mr. Menton for a total amount of $2,850;

5. Plaintiff be awarded costs and litigation expenses in the amount of $405;

6. Defendant be ordered to make the following modifications to the business known as Satomi, located at 819 11th Street, Tracy, California 95376 (the "Property"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

   a. Provide a properly configured, located and identified accessible parking space;

   b. Provide a properly configured accessible route from the accessible parking space to the entrance of the Property; and

   c. Provide an accessible entrance with proper operating pressures.

7. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should

13

be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, thom1495.24

14